UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

"IN ADMIRALTY"

Case No.:

IN THE MATTER OF THE:

Complaint and Petition of:

DRUMMOND ISLAND YACHT HAVEN, INC. as owner and/or owner *pro hac vice* of the vessel, a 2004 28' Harris Pontoon Boat with Hull Identification Number HAMP8102G304, including her engines, gear, tackle, appurtenances, equipment, furniture, etc., for Exoneration from and/or Limitation of Liability,

Petitioner. /

**COMPLAINT AND PETITION FOR EXONERATION FROM OR LIMITATION OF LIABILITY**

Petitioner, DRUMMOND ISLAND YACHT HAVEN, INC. (hereinafter "DIYH") as owner and/or owner *pro hac vice* of the vessel, a 2004 28' Harris Pontoon Boat with Hull Identification Number HAMP8102G304, including her engines, gear, tackle, appurtenances, equipment, furniture, etc., file this Complaint and Petition for Exoneration from and/or Limitation of Liability pursuant to § 30501 *et seq.* of Title 46 United States Code, Federal Rules of Civil Procedure Supplemental Rule F, and Local Admiralty Rule F, and, in support thereof states as follows:

**JURISDICTIONAL ALLEGATIONS AND NATURE OF CLAIM**

1. This Complaint and Petition is within the admiralty and maritime jurisdiction of this Court. Subject Matter Jurisdiction arises under 28 U.S.C. § 1333, and 46 U.S.C. § 30501 *et seq*.

2. This Complaint and Petition sets forth an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and Supplemental Rule F of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

**GENERAL ALLEGATIONS**

3. The events, acts and circumstances giving rise to this action occurred over navigable waters of the United States, in the territorial waters of the State of Michigan in Sturgeon Bay near Drummond Island, Chippewa County, Michigan.

4. Petitioner, DIYH, seeks exoneration pursuant to Supplemental Rule F(2) and, in alternative, seeks to claim and invoke the rights, privileges, remedies and procedures of the Shipowner's Limitation of Liability Act, Title 46 of the U.S. Code Section 30501 *et seq*.

5. At all times pertinent hereto and at the time of the below described incident, DIYH was an owner and/or owner *pro hac vice* of the vessel, a 2004 28' Harris Pontoon Boat with Hull Identification Number HAMP8102G304, including her engines, gear, tackle, appurtenances, equipment, furniture, etc., (hereinafter "VESSEL").

6. The VESSEL is a recreational vessel with the hailing port, at the time of the subject incident, of Drummond Island Yacht Haven, in Drummond Island, Michigan, where she was kept by the Petitioner when she was not in use.

7. Prior to, and at all times material hereinafter described, DIYH exercised due diligence to make and maintain the VESSEL in all respects seaworthy, and at all times material hereto the VESSEL was, in fact, tight, staunch, strong, properly and sufficiently manned, equipped and furnished, and well and sufficiently fitted with suitable engines, machinery, gear, tackle, apparel, safety equipment, appliances, personnel and furniture, all in good order and condition and suitable for the service in which the VESSEL was intended to be used.

8. At the time of the incident described below, the Petitioner's interest in the vessel including her engines, machinery, gear, tackle, apparel, safety equipment, appliances, personnel and furniture was $25,000.00.

9. Prior to and at the time of the incident that gave rise to the filing of this Petition, the VESSEL was within the territorial jurisdiction of this Court, specifically, in navigable waters of the United States located in Sturgeon Bay, in Chippewa County, Michigan.

***The Incident***

10. At all times pertinent to this Petition, Petitioner, DIYH, was an owner or owner *pro hac vice*.

11. On or about July 30, 2024, in Sturgeon Bay, while an employee of DIYH had full operational control of the VESSEL, it is alleged that minor, D.D. fell off the front of the VESSEL, while the VESSEL was underway.

12. DIYH is otherwise unaware of any other claims, written notices, actions or proceedings as a result of the above described incident.

**COUNT I - EXONERATION**

13. DIYH reasserts and re-alleges each and every allegation set forth in paragraphs one (1) through seventeen (12) above, as if fully set forth at length herein.

14. At all times material prior to the incident described in paragraphs ten (10) through twelve (12) of this Complaint and Petitioner, DIYH acted like reasonable prudent vessel owner, and employed regular inspection practices to ensure the VESSEL was properly equipped and seaworthy and employed operators who were experienced operating the VESSEL and had knowledge of the waters.

15. There was no negligence on the part of DIYH that caused or contributed to the incident described in paragraphs ten (10) through twelve (12) of this Complaint and Petition, or to minor D.D. alleged injuries.

16. Pursuant to Supplemental Rule F, DIYH asserts it is entitled to exoneration from any and all liability as the damages, injuries, or losses, if any, sustained by any and all potential claimants, including minor D.D., resulting from, caused by and/or arising out of the incident described in paragraphs ten

(10) through twelve (12) of this Complaint and Petition, were not the result of any fault or neglect attributable to DIYH.

WHEREFORE, consistent with the Shipowner's Limitation of Liability Act and Supplemental Admiralty Rule F(2), Petitioner moves this Honorable Court to enter judgment of exoneration, exonerating DIYH from any and all liability for damages, injuries, or losses sustained by any and all potential claimants, including minor D.D., resulting from, caused by and/or arising out of the incident described in paragraphs ten (10) through twelve (12) of this Complaint and Petition.

## <u>COUNT II – LIMITATION OF LIABILITY</u>

17. DIYH reasserts the allegations set forth in paragraphs one (1) through twelve (12) above, as if more fully set forth at length herein.

18. Pursuant to 46 U.S.C. §§ 30505 and 30511, in alternative to the allegations set forth in the above paragraphs, DIYH, is entitled to limit its liability, if any, to the amount or value of the Petitioner's interest in the VESSEL following the incident described in paragraphs ten (10) through twelve (12) of this Complaint and Petition, resulting in personal injuries, property damages or other potential claims, as any alleged negligence and/or unseaworthy condition that might have caused any and all alleged damages, occurred and/or manifested itself without the privity or knowledge of DIYH within the meaning of 46 U.S.C. § 30505.

19. DIYH hereby files in support of this Complaint and Petition, as **Exhibit "A,"** an Ad Interim Stipulation of Value and Stipulation for Costs executed by DIYH.

WHEREFORE, Petitioner prays:

a. This Honorable Court will enter an Order directing the issuance of a Monition to all persons, firms and corporations claiming damages for any and all losses, damages or injuries done, occasioned, sustained, or incurred by reason of the events described in this Complaint and Petition, citing them to appear and answer the allegations of this Complaint and Petition according to the law and practices of this Honorable Court on or before a date certain and time to be fixed by the Monition;

b. This Honorable Court enter an Injunction restraining the further prosecution and/or commencement hereafter of any and all suits, actions or legal proceeding of any nature or description already begun to recover damages arising out of, occasioned by or consequent upon the incident described in paragraphs ten (10) through twelve (12) of this Complaint and Petition, except in the present proceeding;

c. This Honorable Court approve the Ad Interim Stipulation for Value filed with the Court as security for the potential claims subject to the claimants' right to challenge the security as permitted by the Supplemental Rules and Local Admiralty Rules;

d. This Honorable Court adjudge and decree:

i. That DIYH is not liable to any extent, but are exonerated from any responsibility, loss, damage, or injury, nor for any claim whatsoever in any way arising out of the incident described in paragraphs ten (10) through twelve (12) of this Complaint and Petition; or

ii. That if the Petitioner shall be judged liable, then such liability shall be limited to the value of its interest in the VESSEL immediately following the incident described in paragraphs ten (10) through twelve (12) of this Complaint and Petition, and be divided in accordance with the claimants as may duly prove their claims, saying to all parties any priorities that they may be legally entitled and that a decree may be entered discharging DIYH of all further liability;

e. That Petitioner may have such other and further relief as this Court deems just and proper.

Respectfully submitted,

WILSON ELSER MOSKOWITZ
EDELMAN & DICKER LLP

By: William S. Cook
William S. Cook (P68934)
17197 N. Laurel Park Drive, Ste 201
Livonia, Michigan 48152
313.327.3100 p | 313.327.3101 f
william.cook@wilsonelser.com

Dated: August 18, 2026

**EXHIBIT A**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

"IN ADMIRALTY"

Case No.:

IN THE MATTER OF THE:

Complaint and Petition of:

DRUMMOND ISLAND YACHT HAVEN, INC. as owner and/or owner *pro hac vice* of the vessel, a 2004 28' Harris Pontoon Boat with Hull Identification Number HAMP8102G304, including her engines, gear, tackle, appurtenances, equipment, furniture, etc., for Exoneration from and/or Limitation of Liability,

Petitioner. /

## **AD INTERIM STIPULATION OF VALUE AND STIPULATION FOR COSTS**

WHEREAS, DRUMMOND ISLAND YACHT HAVEN, INC. ("DIYH") as owner and/or owner *pro hac vice* of the vessel, a 2004 28' Harris Pontoon Boat with Hull Identification Number HAMP8102G304, including her engines, gear, tackle, appurtenances, equipment, furniture, etc., (hereinafter the "VESSEL"), have instituted a proceeding in this Court for limitation of or exoneration from liability with respect to all losses, damages, injuries or destruction allegedly resulting from the casualty described in the Complaint and Petition of caption, in which the Petitioner requests, among other things, that a Monition may issue to all persons or corporations asserting claims for loss, injuries or damages arising out of said

accident and voyage, admonishing them to appear and make due proof of their respective claims and also to appear and answer the allegations of Petitioner herein, and that an Injunction be issued restraining commencement and prosecution of any and all actions, claims or proceedings against Petitioner, VESSEL, or any other property of the Petitioner as a result of the incident described in the Petition, except pursuant to the Monition granted herein;

WHEREAS Petitioner wishes to provide an Ad Interim Stipulation for the value of their interest in the VESSEL as security for all those who may file claims herein, pending the ascertainment by reference of the amount or value of Petitioner's interest in the VESSEL.

NOW THEREFORE, the Petitioner, stipulate that they will deposit no more than the sum of $25,000.00, in the form of a surety bond with the Court's registry with interest at the rate of 6% per annum from the date hereof and costs, and Petitioner will pay said sum and/or deposit said bond into the Court within fifteen (15) days after the demand thereof by any Claimant.

Further, Petitioner will pay and/or deposit a surety bond in the Court's registry, within fifteen (15) days after the entry of an Order confirming the report of a commissioner to be appointed to appraise the amount of value of the Petitioner's interest in the VESSEL, the amount or value of such interest is thus ascertained and ordering the posting of said bond, if demanded by any Claimant, or alternatively will file in this proceeding a Joint Stipulation for Value in the usual form, and that after giving of the Joint Stipulation for Value in the usual form, this Ad Interim Stipulation shall stand as security for all claims in the said limitation of liability proceeding in lieu of said bond, until such time as any Claimant demands the posting of a bond or the Court so orders.

I declare, certify, verify, and state under penalty of perjury that the foregoing is true and correct.

Dated: this 18th day of August, 2026.

G. Dennis Bailey,

Title President